# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ROGER DEAN WAGNER,<br><br>   Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br><br>   Defendant. | No. C 09-3074-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

_____

This case is before me on plaintiff Roger Dean Wagner's May 1, 2012, Application For Attorney Fees under the Equal Access to Justice Act ("EAJA") (docket no. 21), in which he requests $6,480.80 in attorney fees and $380.80 in expenses. Pursuant to sentence four of 42 U.S.C. § 405(g), I reversed and remanded this case for further proceedings on March 30, 2011, after concluding that the Commissioner's decision that Wagner was not disabled was not supported by substantial evidence (docket no. 19). That same day, the Clerk of Court entered judgment in favor of Wagner. Wagner did not file his application for EAJA fees until May 1, 2012. The Commissioner argues in his May 15, 2012, response (docket no. 22) that I should deny Wagner's application for EAJA fees as untimely, as it was not filed within thirty days of the final judgment or, in the alternative, because Wagner's requested fees are unreasonable. Wagner filed a reply (docket no. 23) on May 30, 2012, but offers no explanation as to why he waited over a year after the judgment in this case to file his fee application.

In order to obtain an EAJA fee award, a prevailing party must submit its fee application "within thirty days of final judgment in the action." 28 U.S.C. §

2412(d)(1)(B). In social security cases such as this one, where the district court reverses and remands for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), "the [EAJA] filing period begins after the final judgment . . . is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G)). The period for filing an appeal, when the United States is a party to the case, is sixty days after the entry of judgment. *See* FED. R. APP. P. 4(a)(1)(B). Thus, once the Clerk of Court entered judgment in Wagner's favor on March 30, 2011, Wagner had a total of ninety days to file his application for EAJA fees. Consequently, Wagner's fee application, filed on May 1, 2012, is untimely.

The Eighth Circuit Court of Appeals has previously held that courts "lack jurisdiction to consider the merits of [EAJA] fee applications filed beyond this [thirty day] time limit." *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002). However, the United States Supreme Court has since dispelled the notion that the EAJA's timing requirement is "jurisdictional":

> § 2412(d)(1)(B) does not describe what classes of cases [a court] is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority. Accordingly . . . the provision's 30-day deadline for fee applications and its application-content specifications are not properly typed "jurisdictional."

*See Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (citations and internal quotation marks omitted) (concluding that, where prevailing plaintiff timely filed an EAJA fee application but failed to allege that government's position was not substantially justified, plaintiff's corrected application, filed after thirty-day deadline, could relate back to the date of filing of the original application). Thus, pursuant to *Scarborough*, Wagner's failure to

2

meet the thirty-day filing deadline does not deprive me of jurisdiction to consider his EAJA fee application. Nonetheless, although I may consider his application, its untimeliness may serve as grounds for me to deny it. *Scarborough* did not reach the issue of whether the thirty-day EAJA deadline may be tolled for equitable reasons. *See Scarborough*, 541 U.S. at 421 n.8 ("Because our decision rests on other grounds, we express no opinion on the applicability of equitable tolling in the circumstances here presented."); *see also Sanchez v. Astrue*, 273 F. App'x 686, 687 (9th Cir. 2008) (explaining that *Scarborough* "explicitly reserv[ed] the question of the applicability of equitable tolling in an EAJA fees dispute arising out of a disability benefits case"). Even assuming I may toll the thirty-day EAJA deadline, Wagner has offered no explanation for his failure to file a timely EAJA fee application and, therefore, has presented no reasons, or equities that weigh in his favor, for me to find that equitable tolling is appropriate here. *See Scarborough*, 541 U.S. at 421 n.8 (explaining that, in cases involving deadlines that may be equitably tolled, a party's "'garden variety claim of excusable neglect'" does not merit a court's exercise of equitable tolling (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))). Accordingly, I deny Wagner's EAJA fee application as untimely.[1]

THEREFORE, Wagner's Application For Attorney Fees under the Equal Access to Justice Act (docket no. 21) is **denied**.

---

[1] It appears that Wagner may have confused the deadline for filing an application for EAJA fees with the timing for moving for attorney fees under 42 U.S.C. § 406(b). Wagner indicates in his EAJA fee application that, following my decision to reverse the Commissioner's decision and remand this case, the ALJ, on remand, found Wagner to be disabled. Without expressing any opinion as to whether I would grant a motion for § 406(b) fees, I note that Wagner may wish to consider such a motion. My recent decision in *Wellenstein v. Astrue*, No. C 08-4098-MWB, 2011 WL 4963856 (N.D. Iowa Oct. 19, 2011), explains the requirements for § 406(b) fees.

**IT IS SO ORDERED.**

**DATED** this 8th day of June, 2012.

                                                                                                    
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA